IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAMIAN THOMAS,                         :
                                       :
            Petitioner,                :
                                       :
      v.                               :      Civil Action No. 23-1069-GBW
                                       :
BRIAN EMIG, Warden, and                :
ATTORNEY GENERAL OF THE                :
STATE OF DELAWARE,                     :
                                       :
            Respondents.               :

---

**MEMORANDUM ORDER**

Pending before the Court is Petitioner's Motion for Discovery (D.I. 16), the State's Response in Opposition (D.I. 19), and Petitioner's Reply to the State's Response (D.I. 22). Petitioner seeks discovery regarding three Claims in his Petition: (1) Claim One, which asserts that his due process rights were violated when his convictions were obtained through the use of Monica Pruden's perjured testimony; (2) Claim Two, which asserts that his due process rights were violated when the State committed prosecutorial misconduct relating to presenting the testimony of Monica Pruden; and (3) Claim Three, which asserts that his due process rights were violated when the State violated *Brady v. Maryland*, 373 U.S. 83 (1963)

by failing to turn over impeachment information establishing that Monica Pruden was incarcerated at the time of the murder and, thus, she could not witnessed the incident.   (D.I. 3)   The Parties acknowledge that the Delaware state courts determined Claims One, Two, and Three are procedurally defaulted.  (D.I. 3 at 27; D.I. 9 at 25-26)

## I.    STANDARD OF REVIEW

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Vasquez v. Glover*, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010).  Rather, decisions on discovery requests rest in the sound discretion of the court.  *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006).  Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings.  Pursuant to Rule 6(a), a court may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only if the court determines there is "good cause" for such discovery.  *See* Rule 6(a), 28 U.S.C. foll. § 2254.  Rule 6(b) states that a "party requesting discovery must provide reasons for the request […] and must specify any requested documents."  Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254.  Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is

entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production."); *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (a petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). When determining if "good cause" exists, the court should consider the "essential elements" of the petitioner's underlying habeas claim. *See Bracy*, 520 U.S. at 904. Nevertheless, even in cases where "it would be an abuse of discretion not to permit any discovery," "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id*. at 909.

In turn, Rule 7 states that a federal court may "direct the parties to expand the record by submitting additional materials relating the to the petition." *See* Rule 7(a), 28 U.S.C. foll. § 2254. Although discovery in a habeas proceeding may not be used to embark on a fishing expedition intended to develop claims for which there is no factual basis,[1] a petitioner need not demonstrate that additional discovery will definitively lead to relief. Rather, a petitioner "need only show good cause that the discovery will lead to relevant evidence regarding his petition." *Williams v. Wetzel*, 2021 WL 1224130, at *2 (E.D. Pa. Mar. 31, 2021).

---

[1] *Williams*, 637 F.3d at 211.

Since AEDPA requires a district court to base its resolution of a habeas claim solely on the state-court record, discovery is not available for claims that were not presented to the state courts in compliance with state procedural rules, unless the petitioner shows that factual development in federal court is appropriate under 28 U.S.C. § 2254(e)(2). *See Shinn v. Ramirez,* 596 U.S. 366, 375-76, 378-79 (2022). Section 2254(e)(2) bars evidentiary development when the petitioner has failed to develop the factual basis of a claim in State court proceedings unless the petitioner shows that:

> (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Additionally, in *Shoop v. Twyford*, 596 U.S. 811 (2022), the Supreme Court emphasized that, "if §2254(e)(2) applies and the prisoner cannot meet the statute's standards for admitting new merits evidence, it serves no purpose to develop such evidence just to assess cause and prejudice. " *Id.* at 823.

Notably, "[e]ven if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case." *Shinn*, 596 U.S. at 380-81.

## II.    DISCUSSION

Petitioner's Motion asks for the following discovery:

1. All documents, emails, texts, records, and notes in the custody or control of the Delaware Attorney General's Office that were obtained and reviewed pretrial regarding Ms. Pruden's custody status and her ability to leave DOC custody on April 14, 2015;

2. All documents, emails, texts, records, and notes in the custody or control of the Delaware Attorney General's Office that were obtained and reviewed during Mr. Thomas' trial relating to Ms. Pruden's custody status and her ability to leave DOC custody on April 14, 2015;

3. All documents, emails, texts, records, and notes in the custody or control of the Delaware Attorney General's Office that were obtained after [Petitioner's] trial regarding Ms. Pruden's custody status and her ability to leave DOC custody on April 14, 2015;

4. All records, other than correspondence and communications placed on the docket, in the custody or control of the Delaware Attorney General's Office, including, but not limited to letters, emails, texts, retained voice mails and notes of phone calls, reflecting and/or discussing communications regarding Ms. Pruden's custody status and her ability to leave DOC

custody on April 14, 2015. This would include all communications made or received by members of Delaware Attorney General's Office including Deputy Attorney Generals, support staff, and Attorney General Office investigators;

5. All documents necessary to determine the process employed by members of the Delaware Attorney General's Office during [Petitioner's] trial to determine Ms. Pruden's custody status and whether she was inside the Hazel Plant Center on April 14, 2015;

6. All documents, emails, texts, records and notes in the custody or control of Respondents showing, reflecting and/or discussing contact that Ms. Pruden had with anyone working on [Petitioner's] case for the State including but not limited to police, detectives, prosecutors, and prosecutor's support staff and investigators;

7. To the extent that a recording which was not provided to prior Defense Counsel or Habeas Counsel is not provided to Petitioner, the Respondents shall also provide any documentation regarding the chain of custody of the recording and a description as to how the recording was inventoried;

8. To the extent that a recording which was not provided to prior Defense Counsel or Habeas Counsel is now lost or unrecoverable, Respondents shall inform Petitioner of this fact and provide any documentation as to how the recording was secured and stored and what happened to the recording.

9. All documents, emails, texts, records, and notes in the custody or control of the Delaware Department of Corrections regarding Ms. Pruden's custody status and her ability to leave DOC custody on April 14, 2015;

10. All records, other than correspondence and communications placed on the docket, in the custody or control of the Delaware Department of Corrections, including, but not limited to letters, emails, texts,' retained voice mails and notes of phone calls, reflecting and/or discussing communications regarding Ms. Pruden's custody state and her ability to leave DOC custody on April 14, 2015.

(D.I. 16-4 at 1-3)

Petitioner seeks this discovery because "the State should have known pre-trial and should have determined during the late trial stages of this case that Ms. Pruden was incarcerated on the date of the shooting and that Ms. Pruden falsely testified that she saw [Petitioner] shoot Mr. Reid." (D.I. 16 at 19) Petitioner argues that § 2254(e)(2) does not apply to his case because he "made every attempt to develop his habeas claims during his state postconviction proceedings by engaging in an independent investigation, making discovery requests, and requesting the Delaware Courts to hold an evidentiary hearing." (D.I. 22 at 3) He appears to assert there is good cause to conduct discovery because it would uncover evidence that the State knew Pruden would commit perjury which, in turn, would: (1) help him establish that Claims One, Two, and Three have merit; and (2) therefore help him establish cause and prejudice to overcome his default of those Claims.

The State responds that the Court should deny Petitioner's discovery Motion because: (1) Petitioner cannot satisfy § 2254(e)(2); and (2) there is no good cause for discovery, because (a) trial counsel knew about the issue concerning Pruden's

custody and did not preserve the arguments in Claims One, Two and Three during trial or on direct appeal; and (b) trial counsel presented evidence during the trial that Pruden was incarcerated on the day of the shooting and effectively used that evidence to impeach Pruden. According to the State, Petitioner cannot demonstrate good cause because none of the discovery proposed would develop evidence to establish the merits of his Claims or show cause and prejudice to overcome the procedural default of Claims One, Two, and Three.

After reviewing the Parties' submissions, the Court concludes that Petitioner has not met the requirements of 28 U.S.C. § 2254(e)(2) nor demonstrated good cause for conducting discovery under Rule 6. Contrary to Petitioner's assertion, § 2254(e)(2) does apply to Claims One, Two, and Three, because Petitioner, through trial counsel, could have, but failed to, develop the record to support these three Claims. The record reveals that trial counsel was well-aware of Pruden's incarceration, and actually presented evidence of Pruden's incarceration to the jury. (D.I. 10-32 at 17-21) In turn, Petitioner cannot satisfy § 2254(e)(2)(i) or (ii), because he has not identified any new Supreme Court precedent that applies retroactively to his case, nor has he pointed to a "*factual predicate that could not have been previously discovered.*" 28 U.S.C. 2254(e)(2) (emphasis added); *see, e.g., Williams v. Sup't Mahanoy*, SCI, 45 F.4th 713, 723 (3d Cir. Aug. 18, 2022) ("when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits

or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied.").

Even if § 2254(e)(2) did not prohibit discovery in this case, the Court finds that Petitioner has not demonstrated good cause for conducting discovery under Rule 6, because he does not explain how his requested discovery would assist him in overcoming the procedural default of his three Claims or in proving the merits of the Claims. *See Bracy*, 520 U.S. at 908-09.

## III.  CONCLUSION

For the above reasons, the Court denies Petitioner's Motion for Discovery.

\*\*\*

**THEREFORE**, at Wilmington this 12th day of December 2024, **IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery (D.I. 16) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE