IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMIAN THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 23-1069 (GBW) |
| ) | |
| BRIAN EMIG, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Motion for Reargument of Petitioner Damian Thomas' Motion for Leave to Conduct Civil Discovery (D.I. 24), filed pursuant to Rule 7.1.5(a) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. Petitioner thereafter filed a letter requesting that said Motion be granted because Respondents had failed to file a response. (D.I. 27) Respondents then filed a letter stating their opposition to the Motion and that they did not file response because "it did not appear that Petitioner had advocated a valid legal basis for reconsideration."[1] (D.I. 29)

---

[1] In their letter, Respondents accurately indicate that a response to a Rule 7.1.5(a) motion for reargument is permitted but not required. *See* D. Del. LR 7.1.5(a) (providing "the opposing party may file a brief answer").

Motions filed pursuant to Local Rule 7.1.5(a) "shall be sparingly granted." D. Del. LR 7.1.5(a). Petitioner claims that reconsideration is warranted because: (1) the Court misapprehended the factual record by concluding that (a) "trial counsel, could have, but failed to, develop the record to support these three Claims" and (b) "[t]he record reveals that trial counsel was well-aware of Pruden's incarceration, and actually presented evidence of Pruden's incarceration to the jury;" and (2) to prevent manifest injustice resulting from the Court finding that Petitioner failed to demonstrate "good cause" for conducting discovery. D.I. 24 at 3-10. Petitioner, however, has failed to show that the Court "patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (identifying limited circumstances in which reargument can be granted). Nor has Petitioner shown that his Motion must be granted to prevent manifest injustice or to correct clear error. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). The instant motion essentially restates the issues that were raised or could have been raised in Petitioner's original Motion for Leave to Conduct Civil Discovery (D.I. 16) and his Reply to Respondents' Response to Motion for Leave to Conduct Civil Discovery (D.I. 22). *See Schering Corp.*, 25 F. Supp. 2d at 295 (providing motions for reargument that simply rehash issues already briefed, argued and decided should be

denied); *Cooper Notification, Inc. v. Twitter, Inc.*, 867 F. Supp. 2d 485, 500 (D. Del. 2012) (stating Rule 7.1.5 motions are not opportunity to repeat arguments that were or should have been previously presented).

Additionally, Petitioner's assertion the Court misapprehended the facts by stating "[t]he record reveals that trial counsel was well-aware of Pruden's incarceration, and actually presented evidence of Pruden's incarceration to the jury" because Ms. Pruden's incarceration status was not "conclusively" established at trial is an immaterial distinction. D.I. 24 at 3-6. The record shows that trial counsel had obtained, and utilized for impeachment purposes, evidence indicating Ms. Pruden was incarcerated on the date in question. Petitioner himself relies on trial counsel's presentation of this evidence as reason to claim the "State had actual knowledge of the falsity of Ms. Pruden's testimony" once that evidence was presented and explained. (D.I. 16 at 18) It is, therefore, inconsistent for Petitioner to now refute that trial counsel was aware of Pruden's incarceration.

For the foregoing reasons and the reasons stated in the Memorandum Order (D.I. 23) denying Petitioner's Motion for Leave to Conduct Civil Discovery, the Court denies Petitioner's Motion for Reargument of Petitioner Damian Thomas' Motion for Leave to Conduct Civil Discovery.

**WHEREFORE**, at Wilmington on this 9th day of June 2025, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reargument of Petitioner Damian Thomas' Motion for Leave to Conduct Civil Discovery (D.I. 24) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE